UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

ROMULUS NEDEA,                               )        CASE NO. 3:07 CV 883
                                             )
            Petitioner,                      )        JUDGE PETER C. ECONOMUS
                                             )
      v.                                     )
                                             )        MEMORANDUM OF OPINION
WARDEN, WARREN                               )        AND ORDER
CORRECTIONAL INSTITUTION,                    )
                                             )
            Respondent.                      )

On March 15, 2007, petitioner Romulus Nedea filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Ohio.  Mr. Nedea is incarcerated in an Ohio penal institution located within the Northern District of Ohio.  The case therefore was transferred to this court.  In his petition, Mr. Nedea challenges the revocation of his parole on June 7, 2006 and the denial of his release on parole at a parole hearing on October 5, 2006.  For the reasons stated below, the petition is denied, and this action is dismissed.

**Background**

Mr. Nedea was convicted on July 31, 1970 in the Lucas County Court of Common Pleas on charges of assaulting a minor, child stealing, and sodomy in connection with the kidnaping

and rape of a nine year old girl from Toledo, Ohio. He was sentenced to consecutive terms of one to ten years, five to thirty years, and one to twenty five years incarceration. He also was convicted on charges of attempted escape and wounding a police officer in Allen County Ohio. His total aggregate prison sentence is eight to sixty-five years.

On June 27, 2001, Mr. Nedea was released on parole. See Nedea v. Ohio Adult Parole Authority, No. 2:04-CV-437, 2:04-CV-573, 2005 WL 1073365 (S.D. Ohio Mar. 29, 2005). He was arrested and charged with public indecency on February 9, 2002 after being accused of exposing himself in the children's department of a Trotwood, Ohio store. He pled guilty to a charge of disorderly conduct and was sentenced to thirty days incarceration. His parole was revoked on June 17, 2002 and he remained incarcerated after he completed his sentence for disorderly conduct. He filed several petitions for a writ of habeas corpus in both the Ohio courts and the federal courts challenging the revocation of his parole. One of those petitions was filed in the United States District Court for the Southern District of Ohio in 2005. See Nedea v. Tambi, No. 2:05 CV 158 (S.D. Ohio filed Feb. 18, 2005). Mr. Nedea was served with a copy of the Report and Recommendation at the Hocking Correctional Institution on October 7, 2005. Sometime thereafter, Mr. Nedea was released on parole a second time.

Mr. Nedea was arrested on May 14, 2006 and charged with exposing himself to a five year old girl at the Hobby Lobby store in Toledo, Ohio. Mr. Nedea claims he was at the store to apply for employment. His parole was revoked on June 7, 2006. In addition to the allegations associated with the pending criminal charges, he was also told he had violated the conditions of his parole by failing to report his arrest to parole officer. Mr. Nedea's case proceeded to trial where he was found not guilty of the charges on September 7, 2006.

2

A second parole hearing was held in October 2006.  He contends that although he was found not guilty of the most recent charges, the parole board denied his release and continued his hearing for three years.

Mr. Nedea asserts that the Ohio Adult Parole Authority ("OAPA") "arbitrarily and capriciously abused its power on revoking [his] parole prior to his trial and also had denied him an appointed counsel to be present at his revocation of parole."  (Pet. at 5.)  He claims, citing Layne v. the Ohio Adult Parole Authority, 97 Ohio St. 3d 456 (2002), that the OAPA considered an offense for which he was found "not guilty" to revoke his parole.  He contends the OAPA violated his Sixth Amendment right by denying him counsel at the revocation hearing.  Mr. Nedea calls the decision to revoke his parole because he failed to report to his parole officer "erroneous."  (Pet. at 8.)  He states he sought permission from a police detective to telephone his parole officer and was told the officer would place the call.  Finally, he asserts that the decision to of the OAPA at his subsequent parole eligibility hearing to deny parole and continue his hearing  was a violation of his constitutional rights.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996.  The provisions of the AEDPA apply to habeas corpus petitions filed after that effective date.  Lindh v. Murphy, 521 U.S. 320, 336 (1997), See also Woodford v. Garceau, 538 U.S. 202, 210 (2003); Barker v. Yukins, 199 F.3d 867, 871 (6th Cir. 1999)("It is now well settled that AEDPA applies to all habeas petitions filed on or after its April 24, 1996 effective date.").  Because Mr. Nedea's petition was filed on March 15, 2007, the AEDPA governs this court's consideration of his petition.

3

The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" Woodford, 538 U.S. at 206 (citing Williams v. Taylor, 529 U.S. 362, 436 (2000)).  In advancing such goals, Section 2254(d) places new constraints on "the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."  Williams, 529 U.S. at 412.  Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the

meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts under the same theory in which it is later presented in federal court. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a theory which is separate and distinct from the one previously considered and rejected in state court.

### Exhaustion of State Court Remedies

There is no indication that Mr. Nedea exhausted his state court remedies.  He filed a Petition for a Writ of Habeas Corpus in the Ohio Supreme Court.  It was denied sua sponte on February 28, 2007.  He filed a second Petition for a Writ of Habeas Corpus in the Ohio Supreme Court which was denied May 2, 2007.  A challenge to parole release determination under Layne must be brought in the Ohio courts in a declaratory judgment action or mandamus action.  See State of Ohio v. Hall, Case No. 2003-T-0114, 2004 WL 2785544, slip op. at *11 (Ohio 11 Dist. Ct. App. Dec. 6, 2004).  Because Mr. Nedea raises at least one claim challenging the denial of his parole release as a violation of Layne, he still has a remedy in the Ohio courts which he has not pursued.

Generally, petitioner's failure to exhaust state court remedies requires dismissal of the entire petition.  See Rose v. Lundy, 455 U.S. 509, 522 (1982).  However, where "the federal constitutional claim [is] plainly meritless and it would be a waste of time and judicial resources to require exhaustion," exhaustion may be excused.  Cain v. Redman, 947 F.2d 817, 820 (6th Cir. 1991).  Because the claims in this petition are meritless, exhaustion is not required.  Id.

### Parole Revocation

5

Mr. Nedea first claims that the OAPA arbitrarily and capriciously decided to revoke his parole. The substantive component of the due process clause imposes certain limitations on governmental deprivations of life, liberty, or property, independent of the procedural limitations imposed on such deprivations by procedural due process. See Pearson v. City of Grand Blanc, 961 F.2d 1211, 1216 (6th Cir.1992). "Although substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, political beliefs and frivolous factors, such as eye color," Mr. Nedea raises no such claims in his petition. Nedea v. Ohio Adult Parole Authority, No. 2:04-CV-437, 2:04-CV-573, 2005 WL 1073365 at * 4 (S.D. Ohio Mar. 29, 2005). Simply because the decision was not rendered in Mr. Nedea's favor, does not make it arbitrary or capricious and a denial of substantive due process.

The petitioner also contends that the OAPA considered a crime of which he was found not guilty to revoke his parole. He asserts that this action runs afoul of the Ohio Supreme Court's decision in Layne v. Ohio Adult Parole Authority, 97 Ohio St. 3d 456 (2002). As an initial matter, a claim based solely on an error of state law is not redressable through the federal habeas process. Norris v. Schotten, 146 F.3d 314, 328 (6th Cir. 1998); Hutchison v. Marshall, 744 F.2d 44, 46-47 (6th Cir.1984). Moreover, the Layne decision concerned the manner in which the OAPA was using the parole eligibility guidelines to determine when and if an inmate is suitable for release on parole. It struck down the OAPA's practice of applying the parole guidelines based on crimes contained in the indictment rather than the crimes to which the inmate pled guilty as a result of a plea agreement. Mr. Nedea is citing the Layne opinion with respect to the OAPA's decision to revoke his parole. The decision to revoke parole can be based upon a technical violation of the terms and conditions of his release and need not be based on an actual conviction. It appears from

6

the petition that Mr. Nedea's parole was revoked for a technical violation.  The fact that the technical violation did not support a criminal conviction is immaterial.  It does not give rise to a claim for relief under Layne.

Mr. Nedea also asserts that he was denied the effective assistance of counsel at his parole revocation hearing.  There is no constitutional right to counsel at a supervised release revocation hearing.  See Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973); U.S. v. Lester, No. 95-5765, 1996 WL 28970 at *3 (6th Cir. Jan. 24, 1996).

Mr. Nedea challenges the actual decision to revoke his parole calling it "erroneous." (Pet. at 8.)  A federal court does not have the authority to review substantive parole decisions, or to review the parole board's findings of fact or credibility determinations.  See Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam); Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984); Bey v. Bogan , No. 93-2483, 1994 WL 169729 at *2 (6th Cir. May 4, 1994).  Habeas decisions are limited to constitutional challenges.  See Bey, No. 93-2483, 1994 WL 169729 at *2; Lynott v. Story, 929 F.2d 228, 229 n. 1 (6th Cir.1991).

### Denial of Release on Parole

Finally, Mr. Nedea challenges the OAPA's decision to deny him release on parole after serving the amount of incarceration imposed as a result of his technical parole violation. Prisoners have no constitutional or inherent right to be conditionally released before the expiration of a valid sentence.  Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  The decision to grant or deny parole to Ohio prisoners lies wholly within the discretion of the Ohio Adult Parole Authority.  Van Curen v. Jago, 641 F.2d 411, 414 (6th Cir. 1981).  Although Mr. Nedea relies on the fact that he was found not guilty of the most recent

charges, he is still incarcerated under his previous sentence of eight to sixty-five years.  He has no

constitutional right to release before serving the maximum of this indefinite sentence.

### Conclusion

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4

of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis

upon which to issue a certificate of appealability.  28 U.S.C § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


S/Peter C. Economus - 7/9/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

8